## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 16-13815 TBM |
| SBN FOG CAP II LLC, | Chapter 11 |
| Debtor. | |
| In re: | Case No. 16-13817 TBM |
| FOG CAP RETAIL INVESTORS LLC, | Chapter 11 |
| Debtor. | *Jointly Administered Under Case No. 16-13815 TBM* |

## MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION

Summit Investment Management LLC ("Summit"), SBN FCCG LLC ("SBN") and SummitBridge National Investments LLC ("SummitBridge") by and through their undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to FED. R. CIV. P. 45 (as incorporated by FED. R. BANKR. P. 9016), hereby files its Motion to Quash Subpoena For Rule 2004 Examination (the "Motion to Quash") and states as follows:

### INTRODUCTION

The Official Unsecured Creditors' Committee for Fog Cap Retail Investors, LLC (the "Committee") is controlled by Stratford Holding LLC ("Stratford") and Foot Locker Retail, Inc. ("Foot Locker"), as they are the only members of the Committee. Unfortunately, the Committee, through its individual members, is attempting to abuse Rule 2004 and conduct backdoor discovery for a matter currently pending In the United States District Court for the Western District of Oklahoma, styled *Stratford Holding, LLC v. Foot Locker Inc., et al.*, Case No. CIV12-0772-HE (the "Oklahoma Litigation"). The Committee has subpoenaed third parties, including Summit, SBN and SummitBridge, to produce documents (many of which have already been provided by the Debtors) for purposes not related to the administration of the Debtors' bankruptcy estates, but instead to benefit the individual committee members in the Oklahoma Litigation. Indeed, in the Oklahoma Litigation, Stratford recently filed its Motion for Leave to file a Third Amended Complaint to Add Summit Investment Management LLC and SBN FCCG LLC as Individual Defendants and Third Amended Complaint to assert direct claims against Summit and SBN. This improper use of Rule 2004 should not be permitted in this case. Therefore, Summit, SBN and SummitBridge respectfully request that the Court quash the Subpoenas issued by the Committee.

2010757655_1

## BACKGROUND

**A.    The Bankruptcy Case**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b).

2. On April 20, 2016, Fog Cap Retail Investors LLC and SBN Fog Cap II LLC (together, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. Thereafter, on May 25, 2016, the United States Trustee formed an unsecured creditors' committee pursuant to 11 U.S.C. § 1102, appointing Stratford and Foot Locker as its only members.

4. On August 11, 2016, the Committee filed its Unsecured Creditors' Committee's Motion for Order Authorizing Examination of Fog Cutter Capital Group, Fortress Investment Group (also known as FIG, LLC), SBN FCCG LLC, SummitBridge National Investments LLC, and Summit Investment Management LLC Pursuant to FED. R. BANKR. P. 2004 (Docket No. 160) (the "Rule 2004 Motion"). Thereafter, on September 6, 2016, this Court entered its Order Granting Unsecured Creditors' Committee's Motion to Conduct Rule 2004 Examinations (Docket No. 212) (the "Rule 2004 Order"). The Rule 2004 Order provided that the Committee may compel the attendance of witnesses and production of documents in the manner prescribed by FED. R. BANKR. P. 2004(c) and 9016.

5. On October 13, 2016, Committee counsel caused a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) (the "SBN Subpoena" or "SummitBridge Subpoena") to be served on SBN and SummitBridge, copies of which are attached hereto as **Exhibits A and B.** In addition, on October 14, 2016, the Committee issued a similar subpoena on Summit (the "Summit Subpoena"). A copy of the Summit Subpoena is attached and incorporated herein as **Exhibit C.** The Summit, SBN and SummitBridge Subpoenas are collectively referred to as the "Subpoenas."

6. On or about Friday, October 28, 2016, undersigned counsel conferred with counsel for the Committee indicating that he was only recently retained in this matter on behalf of Summit and that additional time would be necessary to review the Summit Subpoena and request for document production in order to provide the Committee with Summit's response to the same. Thereafter, on November 8, 2016, SBN and SummitBridge sought to retain undersigned counsel. The Committee has allowed Summit until November 11, 2016 and SBN and SummitBridge until November 15, 2016 to respond to the Committee's Subpoenas.

7. On November 4, 2016, Stratford filed its Motion of Stratford Holding LLC for Order Confirming Alter Ego/Veil Piercing Claims Against Non-Debtors Summit Investment Management LLC and SBN FCCG LLC in Connection with Environmental Liability Claims Pending in the United States District Court for the Western District of Oklahoma (I) Are not Property of the Debtors' Estates, and (II) the Assertion of Such Claims Against Non-Debtors Summit Investment Management LLC and SBN FCCG LLC in the Oklahoma Environmental Litigation (Docket No. 335) (the "Alter Ego Motion").

8.      The Alter Ego Motion requests substantive relief from this Court requesting the Court determine that Stratford owns certain alter ego/veil piercing claims and that it be allowed to assert those claims in the Oklahoma Litigation. As set forth below, the Oklahoma Litigation and the Alter Ego Motion highlight why unrelated discovery served on Summit, SBN and SummitBridge should be addressed in the Oklahoma Litigation and not in the Debtors' bankruptcy cases.

**B.      The Prepetition Oklahoma Litigation**

9.      In 2012, Stratford commenced the Oklahoma Litigation against various entities, including one of the Debtors, seeking indemnification for costs associated with the environmental clean-up of property located in Oklahoma.

10.     The Oklahoma Litigation has been stayed by the Debtors' bankruptcy filings pursuant to 11 U.S.C. § 362(a). *See* Oklahoma Litigation Order (the "Stay Order"), attached hereto as **Exhibit D.** The Stay Order, in relevant part, indicates that the Oklahoma Litigation would be stayed against all parties until April 1, 2017, "except that the stay shall not prevent any party from pursuing here claims against SBN FCCG LLC and Summit Investment, LLC . . . ." *Stay Order*, p. 2.

11.     On November 1, 2016, in the Oklahoma Litigation, Stratford filed its Plaintiff Stratford Holding, LLC's Motion for Leave to File a Third Amended Complaint to Add Summit Investment Management LLC and SBN FCCG LLC as Additional Defendants (Docket No. 267) (the "Oklahoma Motion to Amend"). The Oklahoma Motion to Amend included Stratford's Third Amended Complaint which added direct claims against Summit and SBN. A copy of the Oklahoma Motion to Amend and Third Amended Complaint are attached as **Exhibit E.**

12.     Based on the Oklahoma Motion to Amend and Third Amended Complaint, it appears that Stratford intends to seek contribution and other claims against Summit and SBN in the Oklahoma Litigation, including the fact that Stratford also intends to pursue alter ego and veil piercing claims against Summit and SBN. *See* Oklahoma Motion to Amend, p. 8 of 13.

13.     Based on the foregoing, the Subpoena and the information requested by the Committee appear to be calculated to obtain discovery from Summit, SBN and SummitBridge pertaining to matters solely related to the Oklahoma Litigation. Moreover, because the Oklahoma Litigation is stayed until at least April 1, 2017 and because the discovery period has expired in the Oklahoma Litigation,[1] Stratford, through its membership on the Committee, has decided to sidestep the Stay Order and attempt to gain access to information through this proceeding that has little to nothing to do with the financial circumstances of the Debtors' bankruptcy cases and instead has everything to do with claims that Stratford is asserting in the Oklahoma Litigation. Accordingly, Summit, SBN and SummitBridge object to the Committee's Subpoenas and request the Court quash the same.

---

[1] Pursuant to the most recent Scheduling Order entered in the Oklahoma Litigation, discovery closed on August 1, 2016. A copy of the Scheduling Order is attached and incorporated herein as **Exhibit F.**

## REQUESTED RELIEF

14. By and through this Motion to Quash, Summit, SBN and SummitBridge request the Court enter an order quashing the Subpoenas pursuant to FED. R. CIV. P. 45 (as incorporated by FED. R. BANKR. P. 9016), because the Subpoenas:

(i) are an attempt to obtain discovery in an unrelated litigation;

(ii) require the disclosure of privileged, confidential and/or other protected documents having no bearing on the Debtors' bankruptcy cases (Rule 45(d)(3)(iii));

(ii) subject Summit, SBN and SummitBridge to significant burden, expense and disruption of their respective businesses (Rule 45(d)(3)(iv); and

(iv) are likely duplicative of other information the Debtor and/or other third parties have or will provide to the Committee.

## DISCUSSION

**A. The Subpoenas Should be Quashed Pursuant to Rule 45(d)(3)(A) as Requiring Protected Information Which is Unduly Burdensome and has Previously Been Provided by the Debtors**

15. Pursuant to FED. R. CIV. P. 45(d)(3)(A)(iii) and (iv) (as incorporated by FED. R. BANKR. P. 9016), "[o]n timely motion, the issuing court *must* quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . . or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iii) and (iv) (emphasis added).

16. Upon information and belief, the Debtor has previously provided to the Committee more than *10,000* documents of more than *38,000* pages responsive to many if not most of the document requests included in the Subpoenas, including, but not limited to, document request numbers 1-6, 8-11 and 12-14. To require Summit, SBN and SummitBridge to reproduce documents that the Committee already has in its possession subjects those third parties to undue burden and expense related to information the Committee already has in its possession.

17. In addition, with regard to the remaining document requests, the Committee seeks private and confidential information serving absolutely no purpose in the Debtors' bankruptcy cases. For example, the Committee has requested the federal income tax returns of Summit, SBN and SummitBridge. *See* Exhibit A to Subpoena, Document Request 12. However, the Committee has demonstrated absolutely no basis for why this information is necessary and, more importantly, how it relates to the Debtors' financial circumstances. Indeed, this information is confidential and disclosure of any return or return information is prohibited. *See, e.g.,* 26 U.S.C. § 6103(a). Nevertheless, the Committee seeks all tax returns from Summit, SBN and SummitBridge. Providing this privileged and/or confidential information is unwarranted.

18. The Committee further requests "[a]ll Documents and Communications relating to the Debtor's financial condition . . . , *including but not limited to your own* or any of the

Debtor's financial statements . . . ." Exhibit A to Subpoena, Document Request 11 (emphasis added). Again, Rule 2004(b) applies to the acts, conduct, or property or the liabilities of the debtor, not to third parties as is being requested by the Committee. The disclosure of the requested financial information pertaining to Summit, SBN or SummitBridge is irrelevant to the Debtors' bankruptcy case and should not be ordered by the Court.

19. Because most if not all of the requested information has been provided by the Debtor and because any additional information is confidential and irrelevant to the Debtors' bankruptcy cases, Summit, SBN and SummitBridge request the Court quash the Subpoenas relating to any information already provided by the Debtors or that is privileged and/or confidential.

**B.  The Subpoenas Should be Quashed Because the Committee and Stratford are Abusing Rule 2004 by Seeking Discovery in the Debtors' Bankruptcy Cases for Use in the Oklahoma Litigation in Violation of Rule 2004 and the Stay Order Entered in the Oklahoma Litigation**

20. The Subpoenas, at their very essence, are an attempt by Stratford to gain a litigation advantage in the Oklahoma Litigation. Moreover, the Subpoenas are each an improper use of Rule 2004 because Stratford, through its membership on the Committee, is attempting to circumvent the Stay Order as well as to conduct discovery in the Debtors' bankruptcy cases for use in another forum. "'Although Rule 2004 examinations have been characterized as fishing expeditions, they are not without bounds.' *In re Buick*, 174 B.R. 299, 305 (Bankr. D. Colo. 1994). Rule 2004 examinations cannot be used for the purpose of abuse or harassment and the examination cannot go beyond the bounds of what is, or may be, relevant to the inquiry." *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000). "Limitation of discovery using Rule 2004 is especially appropriate when the actual motion for the request is an improper purpose. *See In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002) (Rule 2004 discovery could not be used to circumvent discovery limitations in pending security fraud action)." *In re El Toro Exterminator of Florida, Inc.*, 05-60015-BKC-LMI, 2006 WL 2882519, at *2 (Bankr. S.D. Fla. July 6, 2006).

21. "It is well recognized that, once an adversary proceeding or other contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not Rule 2004." *In re Enron Corp.*, 281 B.R. at 840.

> Courts have exhibited similar concerns and reached similar results when confronted with the propriety of Rule 2004 examinations where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee. *See Snyder v. Soc'y Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994) *aff'd sub nom. In re Snyder*, 52 F.3d 1067 (5th Cir. 1995) (mem.) (characterizing the use of Rule 2004 to further a state court action as an abuse of Rule 2004 and stating that the bankruptcy court did not abuse its discretion by denying production under a subpoena issued under Rule 2004, where appellant's primary motivation was to use those materials in a state court action against the examinee); *see also Collins v. Polk*, 115 F.R.D. 326, 328–29 (M.D. La. 1987) (granting motion to impound all depositions taken pursuant to Rule 2004 and strongly condemning practice where

plaintiff in district court action had filed suit but did not serve the pleadings, including an amended complaint, on Rule 2004 examinee/defendants until after having participated in bankruptcy trustee's Rule 2004 examinations); *cf. In re Coffee Cupboard, Inc.*, 128 B.R. 509, 515–517 (Bankr. E.D.N.Y. 1991) (balancing the individualized elements of the case to conclude that limited discovery under Rule 2004 was warranted, but only to the extent relevant to the transfer of assets within the trustee's administrative power. The court recognized the normative principle that "Rule 2004 examinations should not be used to obtain information for use in an unrelated case or proceeding pending before another tribunal").

*In re Enron Corp.*, 281 B.R. at 842.

22.  In *In re Enron Corp.*, the bankruptcy court denied the plaintiff in a fraud action the opportunity to conduct Rule 2004 discovery against a third party where discovery in the fraud action had been stayed pending the outcome of a motion to dismiss. *Id.* at 844. *See also In re Comdisco, Inc.*, 06 C 1535, 2006 WL 2375458, at *7 (N.D. Ill. Aug. 14, 2006) (reversing bankruptcy court's order for third party to produce confidential settlement agreement pursuant to Rule 2004 where the settlement agreement was not relevant to bankruptcy proceeding and production would circumvent discovery rules governing pending state and federal litigation).

23.  Similar to the cases mentioned above, a member of the Committee (in this case Stratford) is a plaintiff in the pending Oklahoma Litigation and is attempting to utilize Rule 2004 to circumvent discovery limitations in that case and procure information from a non-debtor third party in order to support its allegations in the Oklahoma Litigation. Several facts illustrate that this is the Committee's (and Stratford's) true motive and not for the purposes contemplated by Rule 2004(b).[2]

(a) Each and every category of documents requested by the Committee under items 7, 12, and 15 specifically relates to alter ego/veil piercing claims that Stratford has now brought against Summit and SBN in the Oklahoma Litigation. *See generally* Exhibit A to Subpoena, Document Requests 1-15; *see also generally* Alter Ego Motion.

(b) The discovery period in the Oklahoma Litigation expired as of August 1, 2016. Nevertheless, Stratford seeks an order from this Court requiring disclosure of documents having no bearing on the "acts, conduct, or property or ... the liabilities of the [D]ebtor[s], or . . . any matter which may affect the administration of the [D]ebtors['] estate[s]." FED. R. BANKR. P. 2004(b).

(c) None of the requests for information served by the Committee are limited in time or scope. Moreover, almost every request by the Committee indicates that it is

---

[2] "Rule 2004 permits parties in interest in a bankruptcy case to examine entities about 'the acts, conduct, or property or ... the liabilities of the debtor, or ... any matter which may affect the administration of the debtor's estate, or ... the debtor's right to a discharge.'" *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 274 (D. Colo. 1991) (quoting Rule 2004(b)).

        requesting "[a]ll Documents and Communications" concerning matters related to the Oklahoma Litigation without, in most cases, limiting the request to a time period that would be relevant to the Debtors' bankruptcy cases. The lack of a temporal limit is further indication that the Committee is doing the bidding of Stratford.

(d)     Some of the individual documents requested indicate that Summit, SBN and SummitBridge should provide "[a]ll Documents and Communications . . . relating in any way to the Oklahoma Litigation or the Oklahoma Property . . . ." *Document Requests* 7-9 and 15.

(e)     Many document requests refer to confidential and private documents that have no impact or relevance to the Debtors or the Debtors' financial condition. *See Document Requests* 12-14. For example, the Committee requests "[a]ll tax returns of Summit, SBN, SummitBridge including the tax returns of any other person or entity into which the information relating to Summit is incorporated or consolidated . . . ." *Id.* at 12. This document request has absolutely nothing to do with the Debtors' bankruptcy case or the Debtors' financial affairs and instead concentrates on the alter ego/veil piercing claims Stratford intends to bring against Summit and SBN in the Oklahoma Litigation.

    24.     It is within this court's discretionary power of Rule 2004(a) to deny Rule 2004 discovery when discovery is improper or is requested for an improper purpose. *See In re Snyder*, 52 F.3d 1067 (5th Cir. 1995) (bankruptcy court did not abuse its discretion by denying production under Rule 2004 subpoena where appellant's primary motivation was to use those materials in a state court action against the examinee). It is also within the Court's § 105(a) equitable power to do the same. *See In re Adelphia Commc'ns Corp.*, 294 B.R. 39, 44-45 (Bankr. S.D.N.Y. 2003) ("[T]he Court believes that it has the power under . . . Bankruptcy Code section 105(a), to stay discovery from parties and non-parties alike, and to stay document discovery as well as depositions.").

    25.     As set forth above, the Committee is attempting to engage in improper Rule 2004 discovery against third parties having nothing to do with the financial affairs of the Debtor, but instead having to do only with the Oklahoma Litigation and Stratford's claims against Summit and SBN. Accordingly, the Court should deny the Committee's attempt to circumvent discovery rules and a court order by quashing the Subpoenas.

C.     **The Summit Subpoena Should be Quashed Because it is Defective and was Not Served Pursuant to Rule 45(a)(1)(A)**

    26.     Fed. R. Civ. P. Rule 45(a)(1)(A), as incorporated by FED. R. BANKR. P. 9016, specifies that every subpoena must set out the text of Rule 45(d) and (e). The Subpoena served on Summit does not contain the information set forth in Rules 45(d) and (e) and thus is defective. *Gibbons v. Smith*, 2010 WL 582354, at *3 (S.D.N.Y.,2010) (a "subpoena itself is procedurally defective under the Federal Rules of Civil Procedure for failure to include the text of Rule 45(c) and (d)") (citing Fed. R. Civ. P. 45(a)(1)(A)(iv)).

WHEREFORE, Summit Investment Management LLC, SBN FCCG LLC and SummitBridge National Investments LLC respectfully request the Court quash the Subpoenas issued by the Committee, thereby requiring no documents be provided to the Committee, and request such other and further relief as the Court deems just and appropriate.

DATED this 11th day of November, 2016.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Chad S. Caby*
Chad S. Caby, No. 30927
1200 17th Street, Suite 3000
Denver, CO 80202-5855
Tel:      (303) 623-9000
Fax:     (303) 623-9222
E-mail:  ccaby@lrrc.com

*Attorneys for Summit Investment Management LLC, SBN FCCG LLC, and SummitBridge National Investments LLC*

## CERTIFICATE OF MAILING

The undersigned hereby certifies that, on November 11, 2016, a true and correct copy of the foregoing MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION was mailed by depositing same in the United States mail, first-class postage prepaid, addressed to the following:

Foot Locker Specialty, Inc.
Attn: Facilities Payables
P.O. Box 2943
Harrisburg, PA  17105-2943

Stratford Holding LLC
116 Central Park South, #3B
New York NY  10019-1524

and to the CM/ECF registered attorneys and parties in interest at the addresses of record on the Court's electronic database as of the date of service of the above. See attached Service List.

*s/ Jennah Little*
OF: LEWIS ROCA ROTHGERBER CHRISTIE LLP

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1082-1<br>Case 16-13815-TBM<br>District of Colorado<br>Denver<br>Fri Nov 11 15:12:51 MST 2016 | 50.00 Eye Guy Holding LLC-L196<br>5328 North Davis Hwy., #0101<br>Pensacola, FL 32503-2006 | 63 Associates, Inc.<br>c/o Empire Management<br>3348 Knight Street<br>Oceanside, NY 11572-4614 |
| Ahmed A Khatab dba Just Bargain<br>2426 Mountain Avenue<br>Upland, CA 91784-1043 | Donald D. Allen<br>1700 Lincoln St.<br>Ste. 4550<br>Denver, CO 80203-4509 | Allied Communication Group LLC<br>6285 Oxon Hill Road, Unit B<br>Oxon Hill, MD 20745-6013 |
| Arthur Bell CPAs<br>201 International Circle, Ste 400<br>Hunt Valley, MD 21030-1369 | BINK'M Company, LLC<br>Greg Bears, General Counsel<br>2540 Kipling Street<br>Lakewood, CO 80215-1527 | Bingswanger Glass Company<br>1724 FM 1960 West<br>Houston, TX 77090-3202 |
| Bink'M Company LLC/Gregg Bears<br>2540 Kipling St., Suite 802<br>Denver, CO 80215-1527 | Capstock LLC<br>c/o Greyhawke Capital Advisors LLC<br>340 Pemberwick Road<br>Greenwich, CT 06831-4240 | Castellan Financial Corp<br>25379 Wayne Mills Place, #258<br>Valencia, CA 91355-1827 |
| City of Baytown - Health Dept<br>220 W DeFee Ave<br>Baytown, TX 77520-4010 | City of Puyallup<br>Utilities Billing and Customer Svc<br>P.O. Box 35160<br>Seattle, WA 98124-5160 | Colorado Department Of Revenue<br>1375 Sherman St.<br>Room 504<br>Attention Bankruptcy Unit<br>Denver CO 80261-3000 |
| Commercial Asset Preservation LLC<br>220 E Morris Ave, #400<br>Salt Lake City, UT 84115-3289 | Ryan C Craig<br>1825 Eye Street NW<br>Washington, DC 20006-5403 | D.C. Inc.<br>c/o Craig Taylor<br>895 Bolger Court<br>Fenton, MO 63026-2017 |
| John D. Demmy<br>919 North Market St.<br>Ste. 1300<br>Wilmington, DE 19801-3092 | Desert Rat Off Road<br>3545 S. Richey<br>Tucson, AZ 85713-5432 | Discount Auto Parts, Inc-Store 9271<br>Real Estate Department<br>P.O. Box 2710<br>Roanoke, VA 24001-2710 |
| EZCORP, Inc.<br>Lease Administration/Real Estate<br>2500 Bee Cave Road, Bldg. 1, Suite 200<br>Austin, TX 78746-0016 | Elaine K. Hall Revocable Trust<br>c/o Shannon P. Wheeler<br>Titus Hillis Reynolds Love<br>15 E. Fifth Street<br>Suite 3700<br>Tulsa, OK 74103-4304 | Elaine K. Hall Revocable Trust<br>c/o Shannon P. Wheeler<br>15 East Fifth Street, Suite 3700<br>Tulsa, Oklahoma 74103-4304 |
| Extra Cheese LLC<br>500 E Carson Plaza Dr., Ste 202<br>Carson, CA 90746-7329 | FFI Florida Inc.<br>dba La Familia Pawn and Jewel<br>2600 Lake Lucien Drive, Suite 116<br>Maitland, FL 32751-7235 | Fabric Outlet & Unique Boutique LLC<br>57085 29 Palm Highway<br>Yucca Valley, CA 92284-2980 |
| Matthew T. Faga<br>1700 Lincoln St.<br>Ste. 4550<br>Denver, CO 80203-4509 | Fast Auto Loans, Inc.<br>Attn  Real Estate Dept<br>8601 Dunwoody Place, Ste 406<br>Atlanta, GA 30350-2550 | Fast Auto and Payday Loans, Inc.<br>Attn  Real Estate Dept.<br>8601 Dunwoody Place, Unit 406<br>Atlanta, GA 30350-2550 |

First National Denver-L141
2950 N. Garfield Avenue
Loveland, CO 80538-2212

First Run TV, LLC
57085 29 Palms Highway
Yucca Valley, CA 92284-2980

Five Laundries, LLC
8100 Wyoming Blvd., NE Ste. M4 #504
Albuquerque, NM 87113-1963

Fog Cap Retail Investors LLC
1700 Lincoln Street, Suite 2150
Denver, CO 80203-4500

Foot Locker Specialty, Inc.
Attn  Facilities Payables
P.O. Box 2943
Harrisburg, PA 17105-2943

Fourwinds Hot Tubs LLC - L206
13945 N Hwy 183, Suite 386
Austin, TX 78717-5908

Caroline C. Fuller
1801 California St.
Ste. 2600
Denver, CO 80202-2645

GH Pacific Corp.
1882 La Cuesta Drive, #100
North Tustin, CA 92705-2521

Granickin LLC
c/o Jeffrey Rhodes, Esq.
Blank Rome LLP
1825 Eye Street NW
Washington, D.C 20006-5417

Michael J. Guyerson
999 18th St.
Ste., 1230 South
Denver, CO 80202-2414

Harpard Associates L.P.
c/o First Winthrop Corporation
7 Bulfinch Place, Suite 500
Boston, MA 02114-2904

Hollywood Beauty Supplies, LLC
1448 N. Kings Highway
Saint Louis, MO 63113-1411

IRS
PO Box 7346
Philadelphia PA 19101-7346

J & A Rentals - Colortyme
P.O. Box 287
Derby, KS 67037-0287

J&L Lawn Care
1375 Salem Church Rd
Carrollton, GA 30117-7877

Jayal Associates LP
c/o First Winthrop Corporation
7 Bulfinch Place, Suite 500
Boston, MA 02114-2904

Kin Properties, Inc.
185 NW Spanish River Blvd., Suite 100
Boca Raton, FL 33431-4230

L.O.I. Nevada, LLC
2499 King Avenue, West Suite A
Billings, MT 59102-7462

LG Warehouse Electronics
2024 Thunder Ridge
El Paso, TX 79938-4629

La Bendicion Market
c/o Sam Chavarria
6285 Oxon Hill Rd, Unit C
Oxon Hill, MD 20745-6013

La Cocina De Mi Tierra
6285 Oxon Hill Road, Unit A
Oxon Hill, MD 20745-6013

Lexkin LLC
c/o Jeffrey Rhodes, Esq.
Blank Rome LLP
1825 Eye Street NW
Washington, D.C 20006-5417

Lineberry Properties, Inc.
P.O. Box 1767
Mount Juliet, TN 37121-1767

Loka Properties
Dept 34784
P.O. 3900
San Francisco, CA 94139-0001

Mangos JB LLC
2213 S. Caraway Road
Jonesboro, AR 72401-6204

James T. Markus
1700 Lincoln St.
Ste. 4550
Denver, CO 80203-4509

Mattress Warehouse of Herndon, LLC
4949 New Design Road
Frederick, MD 21703-7111

Cristina B. McGarr
250 Arapahoe Ave., Ste. 301
Boulder, CO 80302-5838

Miller & Sons Floor Covering, Inc.
1692 E Sixth Street
Beaumont, CA 92223-2510

Daniel J. Morse
308 W. 21st St.
Ste. 203
Cheyenne, WY 82001-3669

New Life Ministries of Bowies, MD
13604 Annapolis Rd., #3
Bowie, MD 20720-3839

Northwest Motor Sport
819 River Road, #0101
Puyallup, WA 98371-4148

Paige Wilson/Love Shack
24410 Old Fort Pkwy, #362
Murfreesboro, TN 37128-4162


Pleasant Associates, LLC
c/o Nellis Corporation
6001 Montrose Road, Suite 600
Rockville, MD 20852-4873

RDJD, Inc.
P.O. Box 530566
Henderson, NV 89053-0566

Radnor Associates Limited Partnership
c/o Greyhawke Capital Advisors LLC
340 Pemberwick Road
Greenwich, CT 06831-4240


Ramboll Environ
4350 North Fairfax Drive
Suite 300
Arlington, VA 22203-1619

Reagan National Advertising, Inc.
7301 Burleson Road
Austin, TX 78744-3207

Republic Services
P.O. Box 78829
Phoenix, AZ 85062-8829


Jeffrey Rhodes
1825 Eye St. NW
Washington, DC 20006-5403

Christopher L. Richardson
1550 17th St.
Ste. 500
Denver, CO 80202-1500

Steven R. Rider
1700 Lincoln St.
Ste. 4550
Denver, CO 80203-4509


Roseff LLC and Esbrooke LLC
c/o Jeffrey Rhodes, Esq.
Blank Rome LLP
1825 Eye Street NW
Washington, D.C 20006-5417

Rosenberg Martin Greenberg LLP
25 S Charles St, 21st Fl
Baltimore, MD 21201-3322

SBN FCCG LLC
C/O Steven C Petrie
1700 Lincoln Street Suite 2150
Denver, CO 80203-4500


SBN Fog Cap II LLC
1700 Lincoln Street, Suite 2150
Denver, CO 80203-4500

SRS Real Estate Partners
8343 Douglas Avenue
Suite 200
Dallas, TX 75225-5885

Santa Clara Water Division
P.O. Box 51115
Los Angeles, CA 90051-5415


Securities and Exchange Commission
Midwest Regional Office
175 W. Jackson Blvd.
Ste. 900
Chicago IL 60604-2815

Select Management Resources, LLC
Attn  Natalie DuBose
3440 Preston Ridge Road, Suite 500
Alpharetta, GA 30005-3823

Joel I. Sher
250 W. Pratt St.
Ste. 2000
Baltimore, MD 21201-6814


Sherwin Williams
Real Estate Accounting Dept-Store #7143
P.O. Box 6798
Cleveland, OH 44101-1798

Sherwin Williams
Real Estate Acct. Dept - Store #7112
P.O. Box 6798
Cleveland, OH 44101-1798

Soresi Revocable Trusts
c/o Elyse Vinitsky
Attorney at Law
4801 Hampton Lane, Apt. 501
Bethesda, MD 20814


Stratford Holding LLC
116 Central Park South, #3B
New York, NY 10019-1524

Summit Investment Management LLC
C/O Bryan Caylor
1700 Lincoln Street  Suite 2150
Denver, CO 80203-4500

Taber Associates Limited Partnership
c/o First Winthrop Corporation
7 Bulfinch Place, Suite 500
Boston, MA 02114-2904


The Bargain Store
1499 W Arrow Highway
San Dimas, CA 91773-2331

The Discount Depot #3
4800 West Bank Expressway
Marrero, LA 70072-3006

(p)TMX FINANCE LLC FORMERLY TITLEMAX
15 BULL STREET
SUITE 200
SAVANNAH GA 31401-2686

| | | |
|---|---|---|
| Trustees of the Roseff Trust and Esbrooke Tr<br>c/o Jeffrey Rhodes, Esq.<br>Blank Rome LLP<br>1825 Eye Street NW<br>Washington, D.C 20006-5417 | US Trustee<br>Byron G. Rogers Federal Building<br>1961 Stout St.<br>Ste. 12-200<br>Denver, CO 80294-6004 | Venture Liquors<br>13146 Constable Avenue<br>Granada Hills, CA 91344-1105 |
| Shannon P. Wheeler<br>15 E, 5th St., Ste. 3700<br>Tulsa, OK 74103-4304 | Risa Lynn Wolf-Smith<br>555 17th St.<br>Ste. 3200<br>Denver, CO 80202-3921 | c/o Halle-Von Voigtlander<br>Dept. 1100 - COD16<br>20225 N. Scotsdale Rd<br>Chandler, AZ 85225 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Titlemax
Attn  Leasing Manager
15 Bull Street, Suite 200
Savannah, GA 31401


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Carro Audio & Tint<br>4494 Hwy 6 N, Suite B<br>TX 77804 | (u)Certain Landlords and Real Property Owners | (u)Esbrooke LLC |
| (u)Foot Locker Retail, Inc. | (du)Foot Locker Retail, Inc. | (u)Granickin LLC |
| (u)HH Locker, LLC | (u)Jeffrey Sandelman, as successor Trustee of | (u)Kin Properties, Inc. |
| (u)Lexkin LLC | (u)Reagan National Advertising, Inc. | (u)Roseff LLC |
| (u)SPP Locker LLC | (u)Steven Sandelman, Elyse Sandelman and Trac | (u)Stratford Holding, LLC |

(u)Unsecured Creditors' Committee

End of Label Matrix
Mailable recipients 95
Bypassed recipients 16
Total 111