**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>SBN FOG CAP II LLC,<br><br>Debtor.<br>_____ | Bankruptcy Case No. 16-13815 TBM<br>Chapter 11 |
| In re:<br><br>FOG CAP RETAIL INVESTORS LLC,<br><br>Debtor. | Bankruptcy Case No. 16-13817 TBM<br>Chapter 11 |
| | **Jointly Administered Under<br>Bankruptcy Case No. 16-13815 TBM** |

**OPINION AND ORDER DENYING, IN PART, MOTION TO QUASH SUBPOENAS FOR RULE 2004 EXAMINATION**

_____

I.  Introduction.

The Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure are designed to promote the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  But, the procedural rules also contain many traps for the unwary.  The traps can be all the more confusing since the procedural rules frequently change — sometimes in unexpected ways.  Accordingly, procedural vigilance is critical.

The current discovery dispute presents a seemingly minor and technical procedural issue that ultimately calls into question the Court's authority.  Relying on Fed. R. Bankr. P. 2004 and 9016, as well as Fed. R. Civ. P. 45, the Unsecured Creditors' Committee in this Colorado bankruptcy case served subpoenas to produce documents (subpoenas *duces tecum*) on two non-parties.  The subpoenas properly were issued by this Court (and signed by counsel) but required that the entities produce documents in New York.  The targets of the subpoenas contested the subpoenas by filing a motion to quash in this Court.  But, the new version of Fed. R. Civ. P. 45 mandates that attacks on subpoenas initially must be prosecuted in "the court for the district where compliance is required."  Since the subpoenas unequivocally require compliance in New York, the non-parties must seek relief in that forum.  Simply put, this Court has no authority to quash subpoenas requiring compliance outside of Colorado.

1

II. Background.

On April 20, 2016, SBN Fog Cap II LLC and FOG CAP Retail Investors, LLC (together, the "Debtors") filed for relief under Chapter 11 of the Bankruptcy Code.[1] (Docket No. 1.) The Debtors' respective bankruptcy cases are being jointly administered. (Docket Nos. 69 and 71.) The United States Trustee appointed an Unsecured Creditors' Committee (the "Committee") under Section 1103 in the FOG Cap Retail Investors, LLC bankruptcy case.

The Committee filed a "Motion for Order Authorizing Examination of Fog Cutter Capital Group, Fortress Investment Group, SBN FCCG LLC, Summitbridge National Investments LLC, and Summit Investment Management LLC Pursuant to Fed. R. Bankr. P. 2004." (Docket No. 160, the "2004 Examination Motion.") The Committee relied on Fed. R. Bankr. P. 2004(a) and (b) which provide:

> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .

Fed. R. Bankr. P. 2004 typically is used for parties in interest, such as the Committee[2], to conduct investigations, including document productions and examinations of non-debtor entities.[3] Except for the scope, Fed. R. Bankr. P. 2004 examinations are the functional equivalent of depositions under Fed. R. Civ. P. 30.

Since most Fed. R. Bankr. P. 2004 examinations are directed to non-debtor entities, the procedural rule contains a method of compulsion:

> The attendance of an entity for examination and production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at hearing or trial.

In turn, Fed. R. Bankr. P. 9016 is only a sentence: "Rule 45 Fed. R. Civ. P. applies in cases under the Code." So, the subpoena procedure set forth in Fed. R. Civ. P. 45 generally is employed to compel non-parties to produce documents and appear for examinations under Fed. R. Bankr. P. 2004. And, that is exactly what the Committee requested. The 2004 Examination Motion made specific reference to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45, as well as the Committee's intention to serve subpoenas.

---

[1] 11 U.S.C. § 101 *et seq.* Unless otherwise indicated, all references to "Section" are to Sections of the Bankruptcy Code.
[2] Section 1109(b) confirms that the Committee is a party in interest.
[3] However, bankruptcy debtors also may be examined under Fed. R. Bankr. P. 2004 and 2005.

The Debtors objected to the 2004 Examination Motion. (Docket No. 163.) The objection was somewhat unusual since granting authorization to conduct examinations under Fed. R. Bankr. P. 2004 generally is a fairly perfunctory exercise and the Debtors were objecting to discovery not directed to them. In any event, after considering the issues, the Court granted the 2004 Examination Motion. (Docket No. 212.) The Court specifically authorized the Committee to "compel attendance of witnesses and production of documents in the manner prescribed by Fed. R. Bankr. P. 2004(c) and 9016." *Id.*

Thereafter, the Committee prepared a subpoena to SBN FCCG LLC (Ex. A to Docket No. 357, the "FCCG Subpoena") and a separate subpoena to Summitbridge National Investments, LLC (Ex. B to Docket No. 357, the "Summitbridge Subpoena")(together, the "Subpoenas"). The FCCG Subpoena used Bankruptcy Form 257 titled: "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)." The FCCG Subpoena was issued by the "United States Bankruptcy Court for the District of Colorado" and bore the caption: *In re FOG Cap Retail Investors, LLC and SBN Fog Cap II*, *LLC*, Jointly Administered Case No. 16-13815. Counsel for the Committee signed the FCCG Subpoena. The FCCG Subpoena referenced the applicability of Fed. R. Civ. P. 45 and included the text of Fed. R. Civ. P. 45(d) and (e). Further, the FCCG Subpoena commanded SBN FCCG LLC to produce certain documents at "Stevens & Lee, 485 Madison Ave., 20th Floor, New York, New York 10022." The Summitbridge Subpoena used the same Bankruptcy Form, was issued by the same Court, referenced the same case, was signed by the same counsel for the Committee, and included the same Fed. R. Civ. P. 45 information. Furthermore, the Summitbridge Subpoena also required production of documents at the same location: "Stevens & Lee, 485 Madison Ave., 20th Floor, New York, New York 10022."

SBN FCCG LLC and Summitbridge National Investments, LLC (together, the Movants") contested the Subpoenas by filing a "Motion to Quash Subpoena[s] for Rule 2004 Examination" with this Court. (Docket No. 357, the "Motion to Quash.")[4] The Motion to Quash presented a myriad of arguments against the Subpoenas under Fed. R. Civ. P. 45 and Fed. R. Bankr. P. 2004. The Committee responded in opposition. (Docket No. 386.) The Court set the disputed discovery matter for a hearing. (Docket No. 408.)

### III.    Legal Analysis.

Although neither the Committee nor the Movants raised the issue, it is apparent that the Movants filed the Motion to Quash in the wrong Court. Effective as of December 1, 2013, the United States Supreme Court adopted substantial changes to Fed. R. Civ. P. 45 under the Rules Enabling Act, 28 U.S.C. § 2071, *et seq.*

Prior to the recent changes, subpoenas commanding the production of documents were required to be issued "from the court for the district where the production or inspection is to be

---

[4]    The Motion to Quash also attacked a third subpoena addressed to Summit Investment Management LLC. However, that subpoena required production of documents in Denver, Colorado and does not raise the same legal issues concerning the "compliance court" since this Court is both the "issuing court" and the "compliance court." Accordingly, this Opinion and Order is not directed to the subpoena addressed to Summit Investment Management LLC.

made." Fed. R. Civ. P. 45(a)(2)(C) (2007 Version). Under the heading "Quashing or Modifying a Subpoena," the old Fed. R. Civ. P. 45(c)(3)(A) (2007 Version) stated: "On timely motion, the issuing court must quash or modify a subpoena [if warranted] . . . ." So, prior to December 1, 2013, if the Committee had sought to subpoena documents in New York, New York, it would have been required to have the subpoenas issued from the United States District Court (or Bankruptcy Court) for the Southern District of New York as part of a "Miscellaneous Proceeding." And, as the "issuing court," the United States District Court (or Bankruptcy Court) for the Southern District of New York would have been the proper location in which to attempt to quash or modify the subpoenas.

Part of the procedure changed with the new rules. Current Fed. R. Civ. P. 45 clarifies the separate roles of the "issuing court" and the "compliance court." Now, "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). So, the Subpoenas properly issued from this Court because the bankruptcy cases are pending in this Court. This Court is the "issuing court." But, under the new procedural rule "the court for the district where compliance is required" is the only Court authorized initially to consider whether a subpoena should be quashed or modified. Fed. R. Civ. P. 45(d)(3); *see also* James Moore, MOORE'S FEDERAL PRACTICE § 45.50[4] (LexisNexis 3rd ed. 2016) ("The proper court in which to file a motion to quash or modify the subpoena is the court for the district where compliance is required, which may not be the court in which the action is pending.") The Advisory Committee Notes for amended Fed. R. Civ. P. 45 confirm and explain the text of the procedural rule:

> Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required . . . .  Subpoenas are essential to obtain discovery from nonparties. To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required . . . .

Fed. R. Civ. P. 45 (Advisory Committee Notes to 2013 Amendment).

The Subpoenas plainly require the production of documents at a location in New York, New York. Accordingly, New York, New York is the "place of compliance." Fed. R. Civ. P. 45(c); *see also Cargill Meat Solutions Corp. v. Premium Beef Feeders, LLC*, 2015 WL 3935726 (D. Kan. June 26, 2015) (Colorado was the "district where compliance is required" since subpoena demanded production of documents in Denver). Therefore, a plain reading of the procedural rules dictates that the only place that the Movants initially[5] may pursue the Motion to Quash is in the United States District Court for the Southern District of New York.[6] Fed. R. Civ. P. 45(c), (d)(3), (f) and (g).

---

[5] New Fed. R. Civ. P. 45(f) permits the "compliance court" to transfer a "subpoena-related motion" to the "issuing court" "if the person subject to the subpoena consents or if the court finds exceptional circumstances." This provision is narrowly limited to protect the rights of the subpoena target.

[6] The United States Bankruptcy Court for the Southern District of New York is a "unit" of the United States District Court for the Southern District of New York. 28 U.S.C. § 151. Consistent with 28 U.S.C. § 157(a), the United States District Court for the Southern District of New York may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the United States Bankruptcy Court for the Southern District of

Although there is a dearth of case law within the bounds of the Tenth Circuit construing new Fed. R. Civ. P. 45, federal courts uniformly apply the procedural rule as written to bar the "issuing court" from quashing subpoenas requiring compliance in other locations. One of the earliest and most influential decisions considering amended Fed. R. Civ. P. 45 is *Semex All. v. Elite Dairy Genomics, LLC*, 2014 WL 1576917 (S.D. Ohio Apr. 18, 2014). In that Ohio case, the defendant served a non-party with subpoenas requiring production of documents and a deposition in Chicago. The target of the subpoenas filed a motion to quash with the "issuing court" in the Southern District of Ohio. The court determined that it "lack[ed] the power" quash the subpoenas, overruled the motion to quash, and observed that the target of the subpoenas could refile his motion to quash in the United States District Court for the Northern District of Illinois. *Id.* at *2.

Numerous other federal courts are in accord. *See Fidelis Group Holdings, LLC v. Chalmers Automotive, LLC*, 2016 WL 4547994 (E.D. La. Sept. 1, 2016) (Louisiana federal court determined that motion to quash was "improvidently filed" in Louisiana since subpoena required production of documents in Delaware); *Taddeo v. American Invsco Corp.,* 2016 WL 593522 (D. Nev. Feb. 11, 2016) (Nevada federal court denied motion to quash subpoena requiring compliance in Illinois); *Cargill Meat Solutions*, 2015 WL 3935726 (Kansas federal court ruled that it was without authority to quash subpoenas requiring document production in Colorado); *Tomelleri v. Zazzle, Inc.*, 2015 WL 400904 (D. Kan. Jan. 28, 2015) (Kansas federal court denied motion to quash two subpoenas requiring compliance in California and New York).

Some courts even have determined that they lack jurisdiction to adjudicate subpoena-related motions filed in the wrong court. *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555 (D. Nev. Aug. 15, 2014). In *Agincourt Gaming,* the defendant in a Nevada case served subpoenas on individual respondents requiring compliance in California. The targets of the subpoenas filed a motion to quash with the "issuing court" in Nevada rather than the California "compliance court." The Nevada court ruled:

> . . . the place where compliance is required for the Individual Respondents is the Northern District of California, and not in this District. Accordingly, the Court lacks jurisdiction to rule on the pending subpoena-related motions . . . .

The *Agincourt Gaming* court did not provide a more fulsome explanation clarifying whether the court lacked subject matter jurisdiction over the case, lacked personal jurisdiction over the respondents, or lacked some other type of jurisdiction in relation to the motion to quash.

Ultimately, the Court does not concur that it lacks jurisdiction over the discovery dispute. Instead, it is enough that this Court, as the "issuing court" simply is not authorized by any statute

---

New York. Since this dispute arises in or is related to a bankruptcy case, and assuming a proper referral, the United States Bankruptcy Court for the Southern District of New York might also be a proper forum for adjudication of the Motion to Quash. *See Official Committee of Secured Priority Noteholders v. Kleisner (In re Caesers Entertainment Operating Co., Inc.)*, 558 B.R. 156 (Bankr. W.D. Pa. 2016) (as the "compliance court," the United States Bankruptcy Court for the Western District of Pennsylvania addressed a motion to compel based upon a subpoena issued by the United States Bankruptcy Court for the Northern District of Illinois but requiring compliance in Pittsburgh; court ultimately transferred matter to the "issuing court").

5

or rule of civil or bankruptcy procedure to interject itself into a discovery dispute involving the production of documents where the "place of compliance" is not within Colorado and the respondents are not the Debtors. Since the Subpoenas required compliance in New York, Fed. R. Civ. P. 45(d)(3) mandates that it is the exclusive province of the United States District Court for the Southern District of New York (or possibly the United States Bankruptcy Court for the Southern District of New York) to adjudicate the Motion to Quash or, if appropriate, to transfer the controversy.

## IV.     Conclusion.

The Court DENIES, in part, the Motion to Quash. The Court has no authority to adjudicate the portion of the Motion to Quash directed to the Subpoenas served on SBN FCCG LLC and Summitbridge National Investments, LLC.

The Court VACATES, in part, the December 15, 2016 non-evidentiary hearing previously set on the Motion to Quash. Based upon the Court's ruling, the portion of the Motion to Quash directed to the Subpoenas served on SBN FCCG LLC and Summitbridge National Investments, LLC will not be the subject of further hearing. However, consistent with the Court's "Order and Notice of Non-Evidentiary Hearing on Motion to Quash" (Docket No. 408), the non-evidentiary hearing may proceed regarding the subpoena served on Summit Investment Management LLC since the Committee has now served a new subpoena which includes the text of Fed. R. Civ. P. 45(d) and (e), the target has executed a "Waiver and Acceptance of Service of Rule 45 Subpoena" (Docket No. 411), and the subpoena requires production of documents in Colorado.

DATED this 8th day of December, 2016.

BY THE COURT:

*Thomas B. McNamara*
Thomas B. McNamara
United States Bankruptcy Judge